**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**VICTOR NAVARRETE (VANESSA)**
**323 Upshur Street, NW**
**Washington, D.C. 20011**

      **Plaintiffs,**

      **v.**

**WHOLE FOODS[1]**
**550 Bowie Street**
**Austin, Texas 78703**

      **Defendant.**

**Civil Action No. 22-cv-02393**

---

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Whole Foods Market Group, Inc. ("Whole Foods") files this Notice of Removal of the above-captioned matter from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. The grounds for removal are as follows:

1.      On or about July 11, 2022, Plaintiff Victor Navarrete (Vanessa) filed a Complaint in the Superior Court of the District of Columbia. Plaintiff mailed a copy of the Complaint to Whole Foods on or about July 13, 2022 and Defendant received a copy of the Complaint and Summons on or about July 15, 2022, although it did not receive sufficient service of process under applicable law. As explained below, this Court has both subject matter jurisdiction based upon diversity jurisdiction (28 U.S.C. § 1332) and original jurisdiction based on a federal question (28 U.S.C. § 1331).

---

[1] The Plaintiff improperly named "Whole Foods" as Defendant in this case. "Whole Foods" is not the correct entity name; the correct entity name is "Whole Foods Market Group, Inc."

2.      First, this Court has subject matter jurisdiction in this case based upon diversity jurisdiction.  28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.  *Id.* at § 1332(a)(1).  Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case.  *Id.* at §§ 1331 and 1441(b).

3.      This matter is between citizens of different states.  *Id.* at § 1332(a)(1).  Upon information and belief, at the time this action was commenced and at all relevant times thereafter to the present, Plaintiff was and is an individual resident of Washington, D.C.  (Compl.).  Whole Foods is incorporated in Delaware and its principal place of business is in Maryland.  Therefore, the matter is between citizens of different states.

4.      Plaintiff seeks damages in an amount greater than the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a).  Plaintiff alleges in her Complaint that she seeks damages "equivalent to: [$] 1,000,000."

5.      Second, this Court has original jurisdiction over this matter based on a federal question because Plaintiff includes allegations that Whole Foods subjected her to a hostile work environment based on race and gender in violation Title VII of the Civil Rights Act of 1964 (Title VII).  While Plaintiff, who is proceeding *pro se*, does not specifically name Title VII, *a federal statute*, as a cause of action, Plaintiff attached to her complaint her previous EEOC Charge in which she alleged race, age, sex, national origin and retaliation claims under Title VII. Accordingly, Plaintiff does intend to hold Whole Foods liable under Title VII and, therefore, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' federal

discrimination claims and, supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any of Plaintiffs' state law claims.[2]

6.      Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders that have been served upon Whole Foods to date in this matter are included with this Notice of Removal.

7.      A copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d) is filed herewith.

8.      A copy of the Notice to Plaintiff of Filing of Notice of Removal, the original of which is being served on Plaintiff in accordance with 28 U.S.C. § 1446(a) is filed herewith.

11. This Notice of Removal is being filed within 30 days, as defined by 28 U.S.C. §1446(b) and Fed. R. Civ. P. 6(a), after Whole Foods first received a copy of Plaintiff's Summons and Complaint.

12.      The required filing fee and an executed civil information sheet accompany this Notice.

WHEREFORE, Defendant respectfully requests that the Clerk note that this action has been removed from the Superior Court of the District of Columbia to the United States District Court for the District of the District of Columbia, and that all proceedings hereafter shall take place in the United States District Court for the District of the District of Columbia.

---

[2] Though not stated in her Complaint, Plaintiff's Civil Coversheet filed with the Superior Court for the District of Columbia checks boxes for seven other claims: "Shoplifting, D.C. Code § 27-102(a); Abuse of Process; Deceit (Misrepresentation); False Accusation; Libel and Slander; Malicious Prosecution; and Malpractice Legal.

Dated:  August 12, 2022

Respectfully submitted,

    /s/ Steven Kaplan
Steven E. Kaplan (D.C. Bar No. 492408)
Bradley C. Tobias (D.C. Bar 241002)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW – Suite 400
Washington, DC  20006
skaplan@littler.com
btobias@littler.com
202.842.3400  telephone
202.842.0011  facsimile

*Counsel for Defendant*
*Whole Foods Market Group, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that, on August 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing systems, and that copies of the foregoing by served by first class mail, postage prepaid, upon the following:

> Victor Navarrete (Vanessa)
> 323 Upshur Street NW
> Washington, DC 20001

I further certify that, pursuant to 28 U.S.C. § 1446(d), on August 12, 2022, a copy of the foregoing Notice of Removal was served via CaseFileXpress upon the following:

> Zabrina W. Dempson, Esq
> Clerk of the Superior Court
> D.C. Superior Court
> 500 Indiana Avenue, NW
> Washington, DC  20001

> _/s/ Steven Kaplan_
> Steven Kaplan