UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VICTOR NAVARRETE (VANESSA), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-2393 (ABJ) |
| WHOLE FOODS, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss [Dkt. # 3] under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). In light of plaintiff's failure to properly effect service on defendant and the relaxed procedural requirements afforded to *pro se* litigants, the Court will, in its discretion, direct plaintiff to perfect service on defendant within 45 days or risk dismissal of this case. The Court will therefore **DENY** defendant's motion to dismiss under Rule 12(b)(5) without prejudice to a future motion if service is not completed properly by **March 20, 2023,** and it will not address the motion to dismiss for failure to state a claim until the service question has been resolved.

**BACKGROUND**

On July 11, 2022, Plaintiff filed this action in the Superior Court of the District of Columbia. Compl. [Dkt. # 1-3] at 1. On July 13, 2022, two days later, plaintiff personally mailed a copy of her Complaint and Summons to defendant's headquarters in Austin, Texas via the United States Postal Service. *See* Decl. of Ashley Nugent [Dkt. # 3-4] ("Nugent Decl.") ¶¶ 4–5. The envelope which Plaintiff mailed containing the documents was addressed to "Whole Foods" and

did not name any individual. *See* Ex. A to Nugent Decl. While defendant states that plaintiff did not serve the complaint via certified mail, plaintiff attached a certified mail receipt to her filings and a return receipt dated July 18, 2022. Ex. 2 to Mot. to Remand [Dkt. # 5]; Def.'s Mot. to Dismiss [Dkt. # 3] ("Mot.") at 6–7.

Defendant filed a notice of removal on August 12, 2022, Notice of Removal [Dkt. # 1], and subsequently filed a Motion to Dismiss on August 19, 2022, under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), arguing that plaintiff did not effect proper service on defendant and that the complaint fails to state a claim that defendant discriminated against her on the basis of her race, national origin, or age, or a claim for retaliation. Mot. at 1, 5–10.[1] On September 6, 2022, plaintiff filed a Motion to Remand, Mot. to Remand [Dkt. # 5], which was opposed and ultimately denied because plaintiff's consent was not required for removal, and the Notice of Removal set out a basis for federal jurisdiction. Min. Order, Dec. 15, 2022.

## STANDARD OF REVIEW

Rule 12(b)(5) governs motions to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden to establish that she has properly effectuated service. *See, e.g.*, *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). When the defendant challenges the sufficiency of service, the plaintiff "must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Id.* (citations omitted). If plaintiff does not meet that burden, the Court may dismiss the complaint without prejudice for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5); *Simpkins v.*

---

1   Defendant moved for summary judgment in the alternative, but later withdrew this argument. *See* Def.'s Opposition to Mot. to Remand and Reply Brief [Dkt. # 7] at 3, n.3. The Court therefore DENIES the motion for summary judgment as moot.

*Dist. of Columbia Gov't*, 108 F.3d 366, at 368–69 (D.C. Cir. 1997).  Where an action is brought by a *pro se* plaintiff, a district court has an obligation "to consider [her] filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**ANALYSIS**

In its motion to dismiss, defendant argued that the Court should dismiss the action for insufficient service of process.  Mot. at 5–8.  Plaintiff did not address this issue in her first filing, the Motion to Remand, but she stated in her "Opposition to Defendant's Reply Brief" that "[t]he service of the complaint is legally binding on Defendant because Defendant operates places of public accommodation utilizing various versions of its name."  Memorandum in Opposition to Def.'s Reply Brief [Dkt. # 10] ("Pl. Brief") at 3.  While this may be true, it does not bear on the question of whether plaintiff has effected service in the manner required by the rules of civil procedure.

As an initial matter, the Court must determine which set of procedural rules applies to service of process in this case.  Defendant's motion addressed the adequacy of plaintiff's service of process under the Federal Rules of Civil Procedure, but that was not the appropriate approach at the time because plaintiff attempted service before removal of the case.  *Magowan v. Lowery*, 166 F. Supp. 3d 39, 65–66 (D.D.C. 2016), citing 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (4th ed. 2015) ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made.").  However, "[u]pon removal of the case, the plaintiff had an opportunity to

3

cure the insufficiency of her service of process by properly effecting service under the Federal Rules of Civil Procedure." *Id.* at 66, citing 28 U.S.C. § 1448; Wright & Miller, *supra*, § 1082. Therefore, plaintiff could have effected proper service under either federal or state law. The distinction ultimately has little impact given that the federal rules authorize service in accordance with the applicable state law, so plaintiff could have followed either federal or state law in attempting to cure any deficiencies in her service of process. *See* Fed. R. Civ. P. 4(h)(1)(A); (e)(1); *Alridge v. G4S Secure Sols. USA, Inc.*, 2019 WL 2931293, at *2 (D.D.C. July 8, 2019).

### Service Under the Federal Rules

Under Federal Rule of Civil Procedure 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)"—that is, 90 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), (m). Any person who is at least 18 years old and **not a party to the action** may serve a summons and complaint. Fed. R. Civ. P. 4(c)(2) (emphasis added). In other words, a plaintiff cannot personally serve defendants; it must be someone other than herself. A plaintiff must also provide the Court with a proof of service affidavit from the person who served the defendants. Fed. R. Civ. P. 4(l)(1). An affidavit from a plaintiff is invalid as proof of service because, as a party to the action, plaintiff is precluded from serving defendants herself. Fed. R. Civ. P. 4(c)(2).

Rule 4(h) instructs a plaintiff on how to serve a "corporation, partnership, or association." It provides that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:

4

>  (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>  (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Plaintiff's efforts fell short of a number of federal Rule 4's requirements. First, plaintiff failed to satisfy Rule 4(c)(2)'s requirement that a party cannot personally serve defendants. *See* Ex. A to Nugent Decl. Also, plaintiff did not provide the Court with a proof of service affidavit from the person who served the defendants as required by Rule 4(l)(1). Beyond the general requirements of Rule 4, plaintiff also failed to meet the requirements for properly serving a corporation under Rule 4(h), which she could have satisfied either in accordance with Rule 4(h)(1)(A), that is, "in the manner prescribed by Rule 4(e)(1) for serving an individual," or under the terms of Rule 4(h)(1)(B), "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized to receive service of process."

With respect to the first option, plaintiff did not comply with the requirements of Rule 4(h)(1)(A) because she did not serve defendant in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Plaintiff could have followed the state law for serving a summons under the laws of the District of Columbia, where this Court is located, or

Texas, where service was made, but as will be discussed in more detail below, she did not comply with those requirements.

As for the second option, Rule 4(h)(1)(B), plaintiff failed to direct the summons and complaint to a specific individual as required, and she did not *deliver* these copies because the delivery requirement "refers to personal service, not service by mail." *Canuto v. Mattis*, 273 F. Supp.3d 127, 134 (D.D.C. 2017) (citation omitted).

### Service Under D.C. Rules

D.C. law mirrors the federal rules and provides that a plaintiff can serve a corporation in one of two ways: (A) in the same manner as an individual as set forth in the District's version of Rule 4(e)(1); or (B) by delivering a copy of the summons and complaint to an officer or agent authorized to receive service of process on the entity's behalf. D.C. SCR–Civil R. 4(h)(1). The server must be a non-party at least 18 years of age, D.C. SCR–Civil R. 4(c)(2), and that person is required to provide the Court with a proof of service affidavit. D.C. SCR–Civil R. 4(l)(1).

With respect to the first option, plaintiff did not properly serve a corporation in the same manner as an individual as set out in D.C. Rule of Civil Procedure 4(e)(1). D.C. law allows individuals to be served via certified mail or first-class mail as described in D.C. Superior Court Rules 4(c)(4) and 4(c)(5). To achieve service via certified mail, plaintiff must serve by "certified mail, return receipt requested," and "the return must be accompanied by the signed receipt attached to an affidavit." D.C. SCR–Civil R. 4(c)(4); 4(l)(1)(B). A plaintiff could also provide service by first-class mail with two copies of a Notice and Acknowledgement form and "a return envelope, postage prepaid, addressed to the sender." D.C. SCR–Civil R. 4(c)(5)(A).

Nor did plaintiff satisfy the terms of the second option under Rule 4(h)(1)(B). As previously discussed, plaintiff did not utilize a non-party as a process server, and she did not deliver

a copy of the summons and complaint to an officer or agent authorized to receive service of process on defendant's behalf as required by Rule 4(h)(1)(B). In sum, plaintiff did not effect service in accordance with state law.[2]

### The Remedy for Defective Service

The federal rules require that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In other words, the rules expressly offer the court a choice. And "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). At the same time, "*pro se* litigants do not have a license to ignore the Federal Rules of Civil Procedure." *Oviedo v. Washington Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (citation and internal quotation marks omitted).

While plaintiff failed to comply with the rules of procedure at the federal and state level, "courts often decline to dismiss a *pro se* plaintiff's case for defective service without first affording the plaintiff the opportunity to correct any errors he or she may have made." *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 357 (D.D.C. 2020) (internal quotation marks omitted), *citing Hapugalle v. Raddatz*, 98 F. Supp. 3d 37, 41 (D.D.C. 2015), *vacated on reconsideration on other*

---

2   Texas law similarly requires that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit," and the server must complete a return of service. Tex. R. Civ. P. 103; 107(a). Texas Rule 106 authorizes service by "registered or certified mail, return receipt requested," and the server's return "must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 106(a)(2); 107(c). For all of the reasons discussed above, plaintiff has not properly served defendant under Texas law either, and this means she cannot point to service in accordance with state law as a means of satisfying the third of the possible ways to serve the defendant correctly under Federal Rule of Civil Procedure 4(e)(1).

*grounds*, 2015 WL 4366042 (D.D.C. July 16, 2015); *see Watson v. D.C. Water & Sewer Auth.*, 249 F. Supp. 3d 462, 465 (D.D.C. 2017).  The Court will follow this course and deny defendant's motion to dismiss under Rule 12(b)(5) to give plaintiff another opportunity to properly serve the defendant by **March 20, 2023, or else risk dismissal of this case.**

The Court notes that defendant also moved to dismiss under Rule 12(b)(6), arguing that plaintiff failed to sufficiently allege that defendant discriminated against her on the basis of her race, national origin, or age, or a claim for retaliation.  Mot. at 10.  The Court cannot consider the merits of defendant's Rule 12(b)(6) motion at this time because "to proceed to a Rule 12(b)(6) determination, the court must first determine that the plaintiff has properly effected service of process."  *Hilska v. Jones*, 217 F.R.D. 16, 22, n.10 (D.D.C. 2003), citing *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 370 (D.C.Cir.1997); *see also Watson*, 249 F. Supp. 3d at 465 ("Absent proper service of process, a Court may not exercise personal jurisdiction over the defendants named in the complaint.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion to dismiss under Rule 12(b)(5) without prejudice to its being refiled if service is not completed properly.  It is further **ORDERED** that plaintiff shall effect service in compliance with Federal Rule of Civil Procedure 4 and file proof of service with the Court by **March 20, 2023**.  The Rule 12(b)(6) motion will be held in abeyance pending resolution of the service issue.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  February 2, 2023